■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH REYNOLDS, Appellant. [934 NYS2d 448]—

At the initial hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the County Court designated the defendant a level three sex offender based on a presumptive override for a prior felony conviction of a sex crime, holding that the override resulted in a "mandatory" level three designation. On the appeal from that order, this Court reversed and remitted to the County Court for a new hearing and determination, affording the defendant an opportunity to present mitigating circumstances in support of an application for downward departure (*see People v Reynolds*, 68 AD3d 955, 956 [2009]). Upon remittal, the defendant presented evidence and arguments in support of an application for a downward departure to risk level two. The County Court determined that the defendant failed to establish a mitigating factor warranting the departure and designated him a level three sex offender. We affirm.

Contrary to the defendant's contention, the County Court applied the correct standard in considering his application for a downward departure (*see People v Wyatt*, 89 AD3d 112, 127 [2d Dept 2011]). The defendant failed to satisfy the threshold condition of identifying an appropriate mitigating factor which tends to establish a lower likelihood of his reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines (*id.* at 128; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Further, the defendant's prior conviction of a felony sex crime was properly used as both an override factor and as a basis upon which to add 30 points for risk factor 9 on the risk assessment instrument (*see e.g. People v Gilbert*, 78 AD3d 1584, 1585 [2010]; *People v Barrier*, 58 AD3d 1086, 1087 [2009]).

The defendant's contention that the County Court unfairly precluded his father from addressing the court after it had rendered its determination at the SORA hearing is unpreserved for appellate review (*see People v Windham*, 10 NY3d 801, 802 [2008]), and in any event, is without merit. The court did not deny the defendant his right to present relevant evidence at the hearing (*see* Correction Law § 168-n [3]).

The defendant was afforded meaningful representation at the SORA hearing (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Bowles*, 89 AD3d 171, 181 [2d Dept 2011]). Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.