■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER BROWN, Appellant. [997 NYS2d 395]—

Order, Supreme Court, New York County (Michael J. Obus, J.), entered on or about February 3, 2011, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

Although defendant challenges the court's alleged assessment of 20 points under the risk factor for "duration of offense conduct with victim," the court expressly found that it was unnecessary to determine if points should be assessed under this category because even without those points, defendant's score of 80 points would still be within the range making him a presumptive level two sex offender. As such, we find it unnecessary to determine the propriety of the assessment of the contested points (*see People v Lucas*, 118 AD3d 415 [1st Dept 2014]).

Regardless of whether defendant's correct point score is 80 or 100, the court properly exercised its discretion in declining to grant a downward departure, since the mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument (*see People v Gillotti*, 23 NY3d 841, 861 [2014]). Moreover, defendant's newly asserted claim that he should receive a downward departure based on his age (50 years) at the time of his release from prison is unpreserved, and without merit in any event, particularly in light of the seriousness of the underlying offense committed against a mentally impaired child. Concur—Gonzalez, P.J., Mazzarelli, Manzanet-Daniels, Gische and Clark, JJ.