■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAMEEKA GORDON, Appellant. [20 NYS3d 165]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated December 17, 2014, which,

after a hearing, designated her a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In 1997, the defendant was convicted of kidnapping in the first degree, among other crimes. The victim was less than 17 years of age and the defendant was not her parent. Accordingly, it is undisputed that the defendant's crime is a "sex offense" under New York's Sex Offender Registration Act (hereinafter SORA) (Correction Law § 168-a [2] [a] [i]), regardless of whether there was any sex-related conduct or motive during the crime (see People v Knox, 12 NY3d 60, 65 [2009]). In 2014, before the defendant was released from prison, the Supreme Court conducted a proceeding to determine her SORA risk level. The scoring on the risk assessment instrument, as determined at the hearing, totaled 85 points, which would have rendered the defendant, presumptively, a level two sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). However, it was undisputed that the victim suffered serious physical injury as a result of the defendant's crime. Accordingly, the defendant's presumptive risk level was not determined by the totaling of points, but by the application of an override. Under the SORA Guidelines and Commentary, the presence of any of four override circumstances, one of which is that the victim suffered serious physical injury, automatically renders the defendant, presumptively, a level three sex offender (see id.). Contrary to the defendant's contention, a SORA court is not possessed of any discretion in determining whether to apply the override; the application of the override is automatic (see id.). Here, upon determining at the SORA hearing that the victim suffered serious physical injury, the Supreme Court correctly determined that, based on the applicability of the override, the defendant was, presumptively, a level three sex offender.

A SORA court has discretion to depart from an offender's presumptive risk level only if the party seeking a departure makes a two-fold showing. Regardless of whether the presumptive risk level has been determined by the assessment of points or the application of an override (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at risk factor 9 [3]; at 4 [2006]; see also People v Rodriguez, 127 AD3d 715, 715 [2015]; People v Goods, 121 AD3d 660, 660 [2014]; People v Reynolds, 90 AD3d 630, 631 [2011]), a defendant who seeks a downward departure must first identify a mitigating circumstance or circumstances "of a kind or to a degree not

adequately taken into account by the guidelines" (*People v Gillotti*, 23 NY3d 841, 861 [2014], citing Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Torres*, 124 AD3d 744, 745 [2015]). The defendant then has the burden of proving by a preponderance of the evidence the existence of those circumstances in his or her case (*see People v Gillotti*, 23 NY3d at 861, 864; *People v Torres*, 124 AD3d at 745). Only upon the defendant's satisfaction of that two-fold showing does the court become vested with discretion to depart from the presumptive risk level (*see People v Gillotti*, 23 NY3d at 861).

Here, the defendant contends that the lack of a sexual component to the crime she committed, as well as the unusual circumstances of the crime, her prison record, and her current age, permitted the SORA court to depart from the presumptive risk level, and that its refusal to depart was an improvident exercise of discretion. Even assuming that the defendant met her two-fold burden, the court's refusal to depart from the presumptive risk level was a provident exercise of discretion. In evaluating all the circumstances, including those put forward by the defendant and the extreme violence of the defendant's crime (*see* Correction Law § 168-a [2] [a] [i]), and its consequences to the victim, we agree that the level three designation best assesses the risk of a repeat offense by the defendant and the threat posed to the public safety (*see* Correction Law § 168-l [5]).

The defendant's remaining contentions are without merit. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.