■ The People of the State of New York, Respondent, v Terrance Johnson, Appellant. [22 NYS3d 238]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated January 14, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant was convicted of rape in the third degree and sentenced to a term of imprisonment plus postrelease supervision. Prior to his release from prison, the Supreme Court conducted a proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). The defendant was presumptively a level three sex offender pursuant to an automatic override addressing prior felony convictions for sex crimes (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]). The defendant did not contest the applicability of the automatic override. However, he requested a downward departure from his presumptive designation as a level three sex offender. After a hearing, the Supreme Court denied the defendant's request for a downward departure and adjudicated him a level three sex offender. On appeal, the defendant contends that the Supreme Court should have granted his request for a downward departure from his presumptive risk level.

"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (*People v Lobello*, 123 AD3d 993, 994 [2014]; see *People v Long*, 129 AD3d 687, 687 [2015]). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (*People v Lobello*, 123 AD3d at 994; see Correction Law § 168-n [3]). Once the People have sustained this burden, "a SORA court is not

possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic" (*People v Gordon*, 133 AD3d 835, 836 [2015]). However, the application of an override merely renders the defendant a presumptive level three offender, and a court may nevertheless depart from the presumptive risk level where the circumstances warrant such a departure (*see id.* at 836-837).

"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (*People v Gillotti*, 23 NY3d 841, 861 [2014]). These analytical steps apply "[r]egardless of whether the presumptive risk level has been determined by the assessment of points or the application of an override" (*People v Gordon*, 133 AD3d at 836).

"At the first step, the court must decide whether the . . . mitigating circumstances alleged . . . are, as a matter of law, of a kind or to a degree not adequately taken into account by the guidelines" (*People v Gillotti*, 23 NY3d at 861; *see* Guidelines at 4). "At the second step, the court must decide whether the [defendant] has adduced sufficient evidence to meet [his or her] burden of proof in establishing that the alleged . . . mitigating circumstances actually exist in the case at hand" (*People v Gillotti*, 23 NY3d at 861; *see* Guidelines at 4, 7). "[A] defendant must prove the existence of the mitigating circumstances . . . by a . . . preponderance of the evidence" (*People v Gillotti*, 23 NY3d at 864).

If the defendant "surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*id.* at 861). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*id.*).

Here, the defendant failed to establish, by a preponderance of the evidence, the applicability of a mitigating circumstance that was "not adequately taken into account by the guidelines" (*id.*; *see* Guidelines at 4, 7). In light of this failure, the Supreme Court lacked the discretion to downwardly depart from the presumptive risk level (*see People v Gillotti*, 23 NY3d at 861). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and adjudicated him a level three sex offender (*see People v Rodriguez*, 127 AD3d 715, 715 [2015]; *People v Goods*, 121 AD3d 660, 660 [2014]).

In light of our determination, we need not address the de-

fendant's remaining contention. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.