■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANNY BROADUS, Appellant. [36 NYS3d 601]—Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated April 4, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People established, by clear and convincing evidence, that the defendant had previously been convicted of a felony sex crime prior to the subject conviction (*see* Correction Law § 168-n [3]; *People v Cummings*, 134 AD3d 686 [2015]). Therefore, the defendant was presumptively a level three sex offender pursuant to an automatic override addressing prior felony convictions for sex crimes (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]; *People v Johnson*, 135 AD3d 720 [2016]; *People v Cummings*, 134 AD3d at 686-687).

At the hearing held pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), defense counsel asked the court "not to apply that presumptive override," in light of the "remoteness in time of that [prior felony sex] crime." However, once the People have sustained their burden of proving the applicability of an override, "a

SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic" (*People v Gordon*, 133 AD3d 835, 836 [2015]; *see People v Johnson*, 135 AD3d at 720-721).

While a court may nevertheless depart from the presumptive risk level where the circumstances warrant such a departure (*see People v Johnson*, 135 AD3d at 721), here, the defendant failed to request a downward departure and thus, his contention that the Supreme Court should have granted a downward departure is unpreserved for appellate review (*see People v Gillotti*, 23 NY3d 841, 861 n 5 [2014]; *People v Johnson*, 11 NY3d 416, 421-422 [2008]; *People v Rodriguez*, 136 AD3d 880 [2016]). In any event, that contention is without merit (*see People v Gillotti*, 23 NY3d at 861; *People v Wyatt*, 89 AD3d 112, 128 [2011]). Accordingly, the court properly designated him a level three sex offender.

In light of our determination, we need not address the defendant's remaining contention. Rivera, J.P., Leventhal, Hinds-Radix and Brathwaite Nelson, JJ., concur.