People v Broadus (2016 NY Slip Op 05799)





People v Broadus


2016 NY Slip Op 05799


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2013-04625

[*1]People of State of New York, respondent,
v
Danny Broadus, appellant.


Seymour W. James, Jr., New York, NY (Richard Joselson of counsel), for appellant.
Kenneth P. Thompson, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Foley, J.), dated April 4, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The People established, by clear and convincing evidence, that the defendant had previously been convicted of a felony sex crime prior to the subject conviction (see Correction Law § 168-n[3]; People v Cummings, 134 AD3d 686). Therefore, the defendant was presumptively a level three sex offender pursuant to an automatic override addressing prior felony convictions for sex crimes (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]; People v Johnson, 135 AD3d 720; People v Cummings, 134 AD3d at 686-687).
At the hearing held pursuant to the Sex Offender Registration Act (see Correction Law article 6-C; hereinafter SORA), defense counsel asked the court "not to apply that presumptive override," in light of the "remoteness in time of that [prior felony sex] crime." However, once the People have sustained their burden of proving the applicability of an override, "a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic" (People v Gordon, 133 AD3d 835, 836; see People v Johnson, 135 AD3d at 720-721).
While a court may nevertheless depart from the presumptive risk level where the circumstances warrant such a departure (see People v Johnson, 135 AD3d at 721), here, the defendant failed to request a downward departure and thus, his contention that the Supreme Court should have granted a downward departure is unpreserved for appellate review (see People v Gillotti, 23 NY3d 841, 861 n 5; People v Johnson, 11 NY3d 416, 421-422; People v Rodriguez, 136 AD3d 880). In any event, that contention is without merit (see People v Gillotti, 23 NY3d at 861; People v Wyatt, 89 AD3d 112, 128). Accordingly, the court properly designated him a level three sex offender.
In light of our determination, we need not address the defendant's remaining contention.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court