The People of the State of New York, Respondent, 
against
Lionel Taylor, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Marc J. Whiten, J.), entered December 21, 2009, which, after a hearing, designated him a level three sex offender and a predicate sex offender pursuant to the Sex Offender Registration Act.




Per Curiam.
Order (Marc J. Whiten, J.), entered December 21, 2009, modified on the law by vacating the determination that defendant is a predicate sex offender and, as modified, affirmed.
Defendant's present contentions that he is entitled to a downward departure from his presumptive risk level because the SORA Court over-assessed points under risk factor 5 (age of victim) and because the harm inflicted was minor, are unpreserved for appellate review, as he failed to raise these factors at the SORA hearing (see People v Rosales, 133 AD3d 733 [2015], lv denied 26 NY3d 919 [2016]; People v Brown, 122 AD3d 536 [2014], lv denied 24 NY3d 915 [2015]). In any event, defendant's contentions are without merit. Defendant has presented no evidence to show that the 30 point assessment based upon the victim being 70 years old, over estimated his risk level. As the commentary to the SORA Guidelines makes clear, an offender who targets the elderly, defined as a person age 63 or older, is likely to reoffend because the elderly are less capable of fleeing or resisting sexual assault (see SORA Guidelines at 11). Defendant's remaining unpreserved contention was adequately taken into account by the risk assessment instrument.
As the People concede, the court erred in classifying defendant as a predicate sex offender. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 

Decision Date: November 16, 2016