■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK LOCKLEAR, Appellant. [62 NYS3d 489]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated August 13, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In a proceeding to determine a defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), "[t]he Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (*People v Lobello*, 123 AD3d 993, 994 [2014]; *see People v Johnson*, 135 AD3d 720, 720 [2016]; *People v Long*, 129 AD3d 687, 687 [2015]). The first override is for a prior felony conviction of a sex crime (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3, 19 [2006] [hereinafter Guidelines]). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (*People v Lobello*, 123 AD3d at 994; *see* Correction Law § 168-n [3]; *People v Johnson*, 135 AD3d at 720). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic' " (*People v Johnson*, 135 AD3d at 720-721, quoting *People v Gordon*, 133 AD3d 835, 836 [2015]). "However, the application of an override merely renders the defendant a presumptive level three offender, and a court may nevertheless depart from the presumptive risk level where the circumstances warrant such a departure" (*People v Johnson*, 135 AD3d at 721; *see People v Gordon*, 133 AD3d at 836-837). Here, the People established the applicability of the first override by clear and convincing evidence, based on the defendant's prior conviction in 1994 of attempted sodomy in the second degree. Thus, the Supreme Court properly determined that the defendant was presumptively a level three sex offender.

"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level" (*People v Gillotti*, 23 NY3d 841, 861 [2014]; *see People v Johnson*, 135 AD3d at 721). "These analytical steps apply '[r]egardless of whether the presumptive risk level has been determined by the assessment of points or the application of an override' " (*People v Johnson*, 135 AD3d at 721, quoting *People v Gordon*, 133 AD3d at 836). "At the first

step, the court must decide whether the . . . mitigating circumstances alleged . . . are, as a matter of law, of a kind or to a degree not adequately taken into account by the [G]uidelines" (*People v Gillotti*, 23 NY3d at 861; *see People v Johnson*, 135 AD3d at 721; Guidelines at 4). "At the second step, the court must decide whether the [defendant] has adduced sufficient evidence to meet [his or her] burden of proof in establishing that the alleged . . . mitigating circumstances actually exist in the case at hand" (*People v Gillotti*, 23 NY3d at 861; *see People v Johnson*, 135 AD3d at 721; Guidelines at 4, 7). "[A] defendant must prove the existence of the mitigating circumstances . . . by a . . . preponderance of the evidence" (*People v Gillotti*, 23 NY3d at 864; *see People v Johnson*, 135 AD3d at 721).

"If the defendant 'surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure' " (*People v Johnson*, 135 AD3d at 721, quoting *People v Gillotti*, 23 NY3d at 861). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (*People v Gillotti*, 23 NY3d at 861; *People v Johnson*, 135 AD3d at 721).

While a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional (*see People v Velasquez*, 145 AD3d 924, 924 [2016]), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (*see People v Gillotti*, 23 NY3d at 861). The defendant's remaining contentions are unpreserved for appellate review (*see People v Brown*, 122 AD3d 536 [2014]; *People v Angelo*, 3 AD3d 482 [2004]). Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level three sex offender. Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.