People v Simmons (2019 NY Slip Op 01806)





People v Simmons


2019 NY Slip Op 01806


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-13258

[*1]People of State of New York, respondent,
v
Robert Simmons, appellant.


Laurette D. Mulry, Riverhead, NY (Kirk R. Brandt of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated October 26, 2017. The order, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1986, the defendant was convicted, upon his plea of guilty, of murder in the first degree (two counts) and attempted rape in the first degree, and sentenced to imprisonment for 25 years to life. Prior to his release from prison, the Supreme Court conducted a proceeding pursuant to the Sex Offender Registration Act (hereinafter SORA; see Correction Law art 6-C). Pursuant to the SORA: Risk Assessment Guidelines and Commentary [2006] (hereinafter Guidelines), the defendant was designated a level 3 sex offender, based on the presumptive override applicable where the crime results in serious injury or death (see Guidelines at 3).
The defendant appeals from the County Court's order, which, after a hearing designated him a level 3 sex offender. We affirm.
The People sustained their burden of proving, by clear and convincing evidence, the applicability of the override for causing the death of the victim (see People v Lobello, 123 AD3d 993, 994). "Once the People have sustained this burden, a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d 720, 721-722, quoting People v Gordon, 133 AD3d 835, 836). However, the Court nevertheless retained the discretion to depart from the presumptive risk level obtained pursuant to the automatic override, although such departures are the exception, and not the rule (see People v Howard, 27 NY3d 337, 341; People v Johnson, 11 NY3d 416, 421).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the [*2]mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish facts in support of the alleged mitigating factor by a preponderance of evidence, and as such, the County Court lacked discretion to grant a downward departure (see People v Johnson, 135 AD3d at 721).
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court