People v Greene (2019 NY Slip Op 02366)





People v Greene


2019 NY Slip Op 02366


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2018-03541

[*1]People of State of New York, respondent, 
v
Thomas S. Greene, appellant. Laurette D. Mulry, Riverhead, NY (Lisa A. Marcoccia of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated February 7, 2018. The order, after a hearing, designated the defendant a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1986 the defendant was convicted, upon a jury verdict, of murder in the second degree (two counts) and attempted rape in the first degree. The judgment of conviction was affirmed by this Court (see People v Greene, 153 AD2d 439).
Prior to the defendant's release from prison, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a case summary and risk assessment instrument, wherein the defendant was assessed a total of 75 points, which presumptively placed him within the range for a level two designation. The Board noted in the case summary that an override to a level three was applicable because the defendant caused the death of the victim.
After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court determined that the override applied, denied the defendant's request for a downward departure, and designated him a level three sex offender. The defendant appeals.
"The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d 993, 994; see Correction Law § 168-n[3]; People v Locklear, 154 AD3d 888, 889; People v Johnson, 135 AD3d 720). "Once the People have sustained this burden, a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d at 720-721, quoting People v Gordon, 133 AD3d 835, 836). "However, the application of an override merely renders the defendant a presumptive level three offender, and a court may nevertheless depart from the presumptive risk level where the circumstances warrant such a departure" (People v Johnson, 135 AD3d at 721; see People v Gordon, 133 AD3d at 836-837). Here, the People established the applicability of the override by clear and convincing evidence. Thus, the County Court properly determined that the defendant was presumptively a level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the mitigating circumstances identified by the defendant were adequately taken into account by the Guidelines, or were not proven by a preponderance of the evidence (see People v Urena, 166 AD3d 666; People v Hallett, 159 AD3d 840, 841; People v Rocano-Quintuna, 149 AD3d 1114, 1115). Accordingly, we agree with the County Court's determination to deny the defendant's request for a downward departure and to designate him a level three sex offender.
RIVERA, J.P., COHEN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court