People v Vallejo (2023 NY Slip Op 05370)

People v Vallejo

2023 NY Slip Op 05370

Decided on October 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2023

Before: Manzanet-Daniels, J.P., Rodriguez, Pitt-Burke, Higgitt, Rosado, JJ. 

Ind No. 2533/10 Appeal No. 874 Case No. 2022-02754 

[*1]The People of the State of New York, Respondent,
v
Albert Vallejo, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Claire Glass of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Order, Supreme Court, Bronx County (Steven L. Barrett, J.), entered on or about June 6, 2022, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's family support, and 10-year term of postrelease supervision were adequately taken into account by the risk assessment instrument (see People v Lopez, 215 AD3d 575 [1st Dept 2023], lv denied 40 NY3d 904 [2023]; People v Lewis, 143 AD3d 604, 605 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Defendant also failed to demonstrate how his age reduced his likelihood of reoffense or danger to the community (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]).
Defendant's claim that he should receive a downward departure because his removal from treatment should not have been considered a failure to accept responsibility is unpreserved (see People v Brown, 122 AD3d 536 [1st Dept 2014], lv denied 24 NY3d 915 [2015]) and without merit in any event. The court did not inappropriately rely on defendant's removal from treatment for disciplinary reasons to support its adoption of the Board's assessment of points for defendant's failure to accept responsibility (see People v Ford, 25 NY3d 939, 941 [2015]). Rather, the record indicates that defendant's initial removal from treatment for poor participation and progress, as well as his refusal to accept responsibility in his two apology letters, sufficiently justified the court's adoption of the Board's assessment of points under risk factor 12 (see People v Solomon, 202 AD3d 88, 94-97 [1st Dept 2021], lv denied 38 NY3d 906 [2022]). In any event, the alleged mitigating factors identified by defendant were outweighed by the seriousness of the underlying crimes (see People v Quinones, 123 AD3d 460 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2023