People v Godek (2025 NY Slip Op 01959)

People v Godek

2025 NY Slip Op 01959

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-05974

[*1]The People of the State of New York, respondent,
v
Philip Godek, appellant.

Jeffrey D. Cohen, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Ellen C. Abbot of counsel; Damian Jhagroo on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira H. Margulis, J.), dated June 29, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of possession of child pornography. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court found that the defendant's prior felony conviction of a sex crime resulted in an automatic override and designated the defendant a level three sex offender. On appeal, the defendant contends that the People did not prove by clear and convincing evidence that an automatic override was applicable. The defendant also contends that a downward departure was warranted.
In a proceeding to determine a defendant's risk level under the SORA, "[t]he Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]; People v Johnson, 135 AD3d 720, 720; People v Long, 129 AD3d 687, 687). The first override is for a prior felony conviction of a sex crime (see Guidelines at 3, 19). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law § 168-n[3]; People v Johnson, 135 AD3d at 720). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d at 720-721, quoting People v Gordon, 133 AD3d 835, 836). "However, the application of an override merely renders the defendant a presumptive level three offender, and a court may nevertheless depart from the presumptive risk level where the circumstances warrant such a departure" (People v Johnson, 135 AD3d at 721; see People v Gordon, 133 AD3d at 836-837). Contrary to the defendant's contention, the People established the applicability of the first override by clear and convincing evidence based on the defendant's prior conviction in 1982 of promoting an obscene sexual performance by a child less than 16 years old (see People v Mingo, 12 NY3d 563, 573; People v Locklear, 154 AD3d 888, 889). Thus, the Supreme Court properly determined that the defendant was a presumptive level three sex offender.
The defendant's contention that he is entitled to a downward departure based upon purported mitigating factors is unpreserved for appellate review, as he failed to request a downward departure at the SORA hearing (see People v Garrett, _____ AD3d _____, _____, 2025 NY Slip Op 01122, *1; People v Franco, 234 AD3d 723, 724; People v Pomavilla-Loja, 230 AD3d 1359, 1359; People v Valencia, 225 AD3d 637, 637). In any event, the defendant failed to establish that a downward departure was warranted (see People v Gillotti, 23 NY3d 841, 861; People v Rodriguez, 194 AD3d 864).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court