People v Wilson (2025 NY Slip Op 03288)

People v Wilson

2025 NY Slip Op 03288

Decided on June 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 03, 2025

Before: Webber, J.P., Gesmer, Rodriguez, Higgitt, O'Neill Levy, JJ. 

Ind. No. 762/20|Appeal No. 4523|Case No. 2023-00070|

[*1]The People of the State of New York, Respondent,
v
Robert Wilson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Sarah Chaudhry of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew John Loizides of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about November 16, 2022, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, the court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Carvente, 233 AD3d 491, 491 [1st Dept 2024]; People v Eaton, 105 AD3d 722 [2d Dept 2013]).
The record does not support an assessment of points under the risk factor for a history of drug or alcohol abuse. While defendant had reported to probation officials that he had used marijuana since he was 15, it did not support a finding that defendant had a history of substance abuse that would increase his risk of reoffending (see generally People v Palmer, 20 NY3d 373, 378-379 [2013]). In any event, while we find that defendant should not have been assessed points on this risk factor, a reduction of 15 points does not alter defendant's presumptive risk level two designation (see People v Brown, 122 AD3d 536 [1st Dept 2014], lv denied 24 NY3d 915 [2015]).
Regardless of whether defendant's correct point score is 80 or 95, the court providently exercised its discretion in declining to grant a downward departure, since any mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2025