People v Colwell (2021 NY Slip Op 02327)





People v Colwell


2021 NY Slip Op 02327


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-10143

[*1]People of State of New York, respondent,
v
Shannon Colwell, appellant.


Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ruth E. Ross of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated August 14, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 70 points and found that because of the defendant's prior conviction of a felony sex offense, a mandatory override resulted in a presumptive designation as a level three sex offender (see People v Varvaro, 171 AD3d 958, 959). The court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA: Risk Assessment Guidelines and Commentary (hereinafter SORA Guidelines)]; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish grounds for a downward departure from his presumptive risk level by a preponderance of the evidence. There was no evidence of an exceptional response to sex offender treatment (see People v Desnoyers, 180 AD3d 1080, 1081). Nor did the defendant present evidence supporting the remaining factors he identified or demonstrate how those factors, even if proven, would have established a lower likelihood of reoffense or danger to the community (see People v Thorpe, 186 AD3d 629, 630).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive risk level.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court