People v Sestito (2021 NY Slip Op 03859)





People v Sestito


2021 NY Slip Op 03859


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-14604

[*1]The People of the State of New York, respondent,
v
Anthony Sestito, appellant. Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Jason Eldridge of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Raymond L. Rodriguez, J.), dated October 11, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
The defendant pleaded guilty to attempted possession of a sexual performance by a child, a class A misdemeanor, and was sentenced to probation. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C) to determine the defendant's risk level, defense counsel requested that, despite the defendant's score on the risk assessment instrument, which placed him at the lower end of the presumptive level two risk category, the Supreme Court should exercise its discretion to grant a downward departure and designate the defendant a level one sex offender (see People v Gillotti, 23 NY3d 841, 860). The court denied the defendant's request for a downward departure and designated him a level two sex offender.
Under the circumstances of this case—including, among other things, the small number of images found on the defendant's cell phone and the absence of any evidence of child pornography on his laptop, the brief period of time during which the defendant is alleged to have collected child pornography, the defendant's lack of criminal history, and a psychosexual evaluation report finding that the defendant's risk of reoffense was low—we find that a preponderance of the evidence established that the risk assessment instrument overassessed the defendant's risk of reoffense, and that his request for a downward departure should be granted in the exercise of discretion (see People v Gillotti, 23 NY3d at 863-864; compare People v Gonzalez, 189 AD3d 509, with People v Smith, 187 AD3d 1228, and People v Cartiglia, 169 AD3d 725, 726).
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court