People v McCurdy (2021 NY Slip Op 05880)





People v McCurdy


2021 NY Slip Op 05880


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
DEBORAH A. DOWLING, JJ.


2014-09974

[*1]The People of the State of New York, respondent,
v
Chance McCurdy, appellant. Janet E. Sabel, New York, NY (Ellen Dille) for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Joel M. Goldberg, J.), dated September 17, 2014, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 85 points and found that because of his prior conviction of a felony sex offense in 2007, an automatic override resulted in a presumptive designation as a level three sex offender. At the SORA hearing, the defendant did not seek a downward departure from the presumptive risk level resulting from the override but instead contended that the override should not be applied. On appeal, the defendant reiterates that argument. He also argues, for the first time on appeal, that the court engaged in impermissible double counting by applying the override, since the existence of the prior felony sex crime conviction accounted for 50 of the 85 points assessed by the court.
"The objective of SORA is to evaluate a particular sex offender's risk of reoffense once he or she is released back into the community so that appropriate supervision and notification can be achieved" (People v Davis, 179 AD3d 183, 186). "Correction Law § 168-n(3) requires the People to prove facts to support [a] defendant's SORA risk-level [designation] by clear and convincing evidence" (People v Sincerbeaux, 27 NY3d 683, 687). The SORA: Risk Assessment Guidelines and Commentary (2006) (hereinafter Guidelines) promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three (see People v Howard, 27 NY3d 337, 341; People v Locklear, 154 AD3d 888, 889; People v Lobello, 123 AD3d 993, 994). The first override, which is relevant to this appeal, is for a prior felony conviction of a sex crime (see Guidelines at 3, 19). "'The People bear the burden of proving the applicability of a particular override by clear and convincing evidence'" (People v Locklear, 154 AD3d at 889, quoting People v Lobello, 123 AD3d at 994; see People v Fessel, 149 AD3d 1113, 1114). "[O]nce the People have sustained their burden of proving the applicability of an override, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Broadus, 142 AD3d 595, 595-596, quoting People v Gordon, 133 AD3d 835, 836; see People v Johnson, 135 AD3d 720, 720-721). [*2]"'However, the application of an override merely renders the defendant a presumptive level three offender, and a court may nevertheless depart from the presumptive risk level where the circumstances warrant such a departure'" (People v Locklear, 154 AD3d at 889, quoting People v Johnson, 135 AD3d at 721).
Here, contrary to the defendant's contention, the Supreme Court did not have discretion to determine whether to apply the override (see People v Gordon, 133 AD3d at 835). Upon the People establishing by clear and convincing evidence the existence of the 2007 felony conviction of a sex crime and thus, the applicability of the override, the court properly determined that the defendant was presumptively a level three sex offender (see People v Colwell, 193 AD3d 892; People v Cox, 157 AD3d 974; People v Locklear, 154 AD3d 888). In response, the defendant failed to seek a downward departure from the presumptive risk level. Accordingly, the court properly designated the defendant a level three sex offender.
The defendant's remaining contentions are unpreserved for appellate review, and, in any event, without merit.
DILLON, J.P., MILLER, CONNOLLY, IANNACCI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court