People v Barr (2022 NY Slip Op 03014)

People v Barr

2022 NY Slip Op 03014

Decided on May 4, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2019-03231

[*1]People of State of New York, respondent,
v
Dennis Barr, appellant.

Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Theresa Yuan on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Suzanne J. Melendez, J.), dated February 8, 2019. The order, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. Prior to his release from prison, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In advance of the hearing, the Board of Examiners of Sex Offenders (hereinafter the Board) determined the defendant's risk factor score to be 105 points under the risk assessment instrument (hereinafter RAI), and further determined that the defendant was presumptively a level three sex offender pursuant to an automatic override, based upon the defendant's 1987 conviction of sodomy in the first degree (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]). At the hearing, the defendant objected to the Board's recommended application of the override, on the ground that risk factor 9, under which the defendant had been assessed 30 points, already took into account the defendant's prior felony conviction. The defendant also asked the court, in assessing his risk level, to take into account his attendance and success in a treatment program. The court, over the defendant's objection, applied the automatic override, and designated him a level three sex offender. The defendant appeals.
"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994; see People v Long, 129 AD3d 687, 687). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law § 168-n[3]). "The first override, which is relevant to this appeal, is for a prior felony conviction of a sex crime" (People v McCurdy, 198 AD3d 991, 992; see Guidelines at 3, 19).
Contrary to the defendant's contention, the Supreme Court's application of the override based upon the defendant's prior felony conviction of a sex crime did not constitute an impermissible double counting of a risk factor already considered in the defendant's numerical score [*2]on the RAI. Once the People established by clear and convincing evidence that the defendant previously had been convicted of a felony sex offense, the defendant was a presumptive level three sex offender pursuant to an automatic override, "irrespective of the points scored on the risk assessment instrument" (People v Berry, 138 AD3d 945, 946; see People v Barfield, 115 AD3d 835, 835). Thus, "the defendant's presumptive risk level was not determined by the totaling of points, but by the application of an override" (People v Gordon, 133 AD3d 835, 836).
Contrary to the defendant's contention, the Supreme Court did not have the discretion to determine whether to apply the override (see People v McCurdy, 198 AD3d at 992; People v Gordon, 133 AD3d at 836). "[O]nce the People have sustained their burden of proving the applicability of an override, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Broadus, 142 AD3d 595, 595-596, quoting People v Gordon, 133 AD3d at 836; see People v McCurdy, 198 AD3d at 992). A court may, however, depart from the presumptive risk level obtained pursuant to the automatic override where the circumstances warrant a departure, "although such departures are the exception, . . . not the rule" (People v Simmons, 170 AD3d 904, 904; see People v Johnson, 135 AD3d 720, 721). Here, upon the People establishing by clear and convincing evidence the existence of the defendant's 1987 felony conviction of a sex crime and thus, the applicability of the override, the court properly determined that the defendant was presumptively a level three sex offender (see People v McCurdy, 198 AD3d at 992; People v Colwell, 193 AD3d 892, 892).
Contrary to the defendant's contention, the Supreme Court did not err in rejecting his arguments for a downward departure from the presumptive risk level. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court "must exercise its discretion by weighing the aggravating [factors] and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861). Here, the defendant failed to make the initial twofold showing, as he failed to establish facts in support of the existence of a mitigating factor. While a sex offender's response to treatment, if exceptional, can be the basis for a downward departure pursuant to the Guidelines, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Mitchell, 196 AD3d 516, 518; People v Varvaro, 171 AD3d 958, 960).
BARROS, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court