People v Gunter (2023 NY Slip Op 03247)

People v Gunter

2023 NY Slip Op 03247

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-07000

[*1]People of State of New York, respondent,
v
Harvey Gunter, appellant. 

Patricia Pazner, New York, NY (Patty C. Walton of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated September 17, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. Prior to his release from prison, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). In advance of the hearing, the Board of Examiners of Sex Offenders assessed the defendant a total of 80 points on the risk assessment instrument (hereinafter RAI), and further recommended that the defendant be classified as a level three sex offender pursuant to an automatic override based upon the defendant's 1998 convictions of, inter alia, attempted rape in the first degree and sexual abuse in the first degree (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]). At the hearing, the court applied the automatic override to a presumptive risk level three designation based upon the defendant's prior conviction, denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level three sex offender. On appeal, the defendant challenges the denial of his request for a downward departure from the presumptive risk level.
"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994). "The first override, which is relevant to this appeal, is for a prior felony conviction of a sex crime" (People v McCurdy, 198 AD3d 991, 992). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d 720, 720-721, quoting People v Gordon, 133 AD3d 835, 836). "A court may, however, depart from the presumptive risk level obtained pursuant to the automatic override where the circumstances warrant a departure, 'although such departures are the exception, . . . not the rule'" (People v Barr, 205 AD3d 741, 742-743, quoting People v Simmons, 170 AD3d 904, 904).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the People established by clear and convincing evidence that the defendant was convicted of a felony sex crime in 1998, and, thus, established the applicability of the automatic override to a presumptive risk level three designation. In response, the defendant failed to establish that a downward departure from his presumptive risk level was warranted. Contrary to the defendant's contention, his presumptive risk level two designation prior to the application of the automatic override is not a mitigating factor, as the automatic override is applied "irrespective of the points scored on the risk assessment instrument" (People v Berry, 138 AD3d 945, 946), and, as such, is not an impermissible double counting of a risk factor already considered in the defendant's numerical score on the RAI (see People v Barr, 205 AD3d at 742). Further, while the defendant claimed to have support, including housing, from his family upon his release, he provided no documentary or testimonial evidence of such alleged familial support (see People v Ciccarello, 187 AD3d 1224; cf. People v Davis, 179 AD3d 183, 188), and failed to demonstrate how this alleged familial support established a lower likelihood of reoffense or danger to the community (see People v Ciccarello, 187 AD3d 1224; People v Medina, 180 AD3d 818, 819; People v Saintilus, 169 AD3d 838, 839).
While "[a]n offender's response to treatment, if exceptional, can form the basis for a downward departure" (People v Jimenez, 178 AD3d 1099, 1100), the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Leung, 191 AD3d 1023; People v Desnoyers, 180 AD3d 1080; People v Jimenez, 178 AD3d 1099).
Finally, although debilitating illness and advanced age may constitute grounds for a downward departure (see People v Wallason, 169 AD3d 728, 729), here, the defendant failed to prove that his age or health at the time of the SORA hearing constituted appropriate mitigating factors and minimized his risk of reoffense (see People v Thompson, 209 AD3d 1049, 1050; People v Rivas, 185 AD3d 740, 740-741).
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court