People v Rivera (2023 NY Slip Op 06761)

People v Rivera

2023 NY Slip Op 06761

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-01907

[*1]The People of the State of New York, respondent, 
v
Roberto Rivera, appellant. Mark Diamond, Pound Ridge, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Sarah Skahill and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated February 2, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a jury verdict, of two counts of murder in the second degree and attempted rape in the first degree. Prior to his release from prison, the Supreme Court conducted a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C). In advance of the hearing, the Board of Examiners of Sex Offenders (hereinafter the Board) determined the defendant's risk factor score to be 105 points under the risk assessment instrument (hereinafter RAI), and further determined that, despite the defendant's risk factor score on the RAI, he was presumptively a level three sex offender pursuant to an automatic override. At the hearing, the defendant sought a downward departure from the presumptive risk level. The court denied the defendant's application for a downward departure and designated him a level three sex offender. The defendant appeals.
"The Risk Assessment Guidelines and Commentary promulgated by the [Board] contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994; see People v Barr, 205 AD3d 741, 742). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law § 168-n[3]). The second override, which is relevant to this appeal, applies where the offender inflicted serious physical injury or caused the death of the victim (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Howard, 27 NY3d 337, 341).
Here, the People established by clear and convincing evidence that the defendant caused the death of the victim of the current offense by stabbing her multiple times. Thus, the Supreme Court properly determined that the defendant was presumptively a level three sex offender pursuant to the second automatic override, irrespective of the points scored on the RAI (see People v Abreu, 89 AD3d 711, 711; see also People v Barr, 205 AD3d at 742). Contrary to the defendant's contention, the application of the override did not constitute an upward departure which the People were required to support with appropriate aggravating factors, but, rather, automatically resulted in [*2]a presumptive level three risk designation once its applicability was established by clear and convincing evidence (see People v Howard, 27 NY3d at 342).
Contrary to the defendant's further contention, the Supreme Court properly denied his application for a downward departure, since he failed to demonstrate the existence of any mitigating factors not adequately taken into account by the Guidelines that tended to establish a lower likelihood of reoffense or danger to the community (see People v Gillotti, 23 NY3d 841, 861; People v Musmacker, 213 AD3d 784, 786; People v Johnson, 203 AD3d 762).
In light of our determination, we need not reach the parties' remaining contentions.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court