People v Jones (2024 NY Slip Op 02232)

People v Jones

2024 NY Slip Op 02232

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

531683
[*1]The People of the State of New York, Respondent,
v
Vernon A. Jones, Appellant.

Calendar Date:March 27, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, Lynch and Fisher, JJ.

Dana L. Salazar, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (George J. Hoffman Jr. of counsel), for respondent.

Lynch, J.
Appeal from an order of the County Court of Rensselaer County (Jennifer G. Sober, J.), entered October 31, 2019, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In full satisfaction of a five-count indictment, defendant pleaded guilty to attempted rape in the first degree in 2006 and was sentenced, as a second violent felony offender, to 13 years in prison and five years of postrelease supervision (People v Jones, 47 AD3d 1121 [3d Dept 2008], lv denied 10 NY3d 865 [2008]). Thereafter, in anticipation of defendant's conditional release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level two sex offender (80 points); the Board noted, however, that defendant's prior felony conviction for a sex crime constituted a presumptive override to a risk level three classification (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]). Following a hearing, County Court assessed an additional five points under risk factor 1 for the infliction of physical injury (still resulting in a presumptive risk level two classification based upon 85 points); upon application of the override, however, the court classified defendant as a risk level three sex offender and, further, designated him as a sexually violent offender and a predicate sex offender. On appeal, this Court reversed and remitted for a new risk level classification hearing, finding that defendant was deprived of meaningful representation based upon "defense counsel's mistaken belief that defendant's classification as a risk level three sex offender was 'automatic' " (172 AD3d 1786, 1787 [3d Dept 2019]).
Upon remittal, County Court conducted a hearing, after which it, in a written decision and order, again assessed an additional five points under risk factor 1 for the infliction of physical injury (still resulting in a presumptive risk level two classification based upon 85 points). The court applied the automatic override to a presumptive risk level three designation based upon defendant's prior 1993 felony sex crime (attempted rape in the first degree), denied defendant's request for a downward departure from the presumptive risk level, and designated him a level three sex offender as well as a sexually violent offender and a predicate sex offender. Defendant now appeals, principally challenging the presumptive risk level and the denial of his request for a downward departure.
"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994 [2d Dept 2014] [citation omitted], lv denied 25 NY3d 903 [2015]). "The first override, which is relevant to this appeal, is [*2]for a prior felony conviction of a sex crime" (People v McCurdy, 198 AD3d 991, 992 [2d Dept 2021] [citation omitted], lv denied 38 NY3d 905 [2022]; see People v Jones, 172 AD3d at 1787). It is well settled that "[t]he People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law § 168-n [3]). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic' " (People v Johnson, 135 AD3d 720, 720-721 [2d Dept 2016], lv denied 27 NY3d 904 [2016], quoting People v Gordon, 133 AD3d 835, 836 [2d Dept 2015], lv denied 27 NY3d 905 [2016]). "A court may, however, depart from the presumptive risk level obtained pursuant to the automatic override where the circumstances warrant a departure, although such departures are the exception, not the rule" (People v Barr, 205 AD3d 741, 742-743 [2d Dept 2022] [internal quotation marks, ellipsis and citations omitted], lv denied 38 NY3d 914 [2022]; see also People v Reynolds, 68 AD3d 955, 956 [2d Dept 2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5 [2006]).
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Gunter, 217 AD3d 788, 789-790 [2d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 907 [2023]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (id. at 790 [citations omitted]).
Upon reviewing the record before us, we conclude that the People established by clear and convincing evidence that defendant was convicted of a felony sex crime in 1993, and, thus, established the applicability of the automatic override to a presumptive risk level three designation (see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Gunter, 217 AD3d at 789). "In light of our determination that an override was established, we need not reach . . . defendant's challenge to the assessment of points under specified risk factors" (People v Berry, 138 AD3d 945, 946 [2d Dept 2016] [citations omitted], lv denied 27 NY3d 912 [2016]).
Moreover, County Court providently exercised its discretion in denying defendant's application for a downward departure from his presumptive risk level designation. "[*3]Contrary to . . . defendant's contention, his presumptive risk level two designation prior to the application of the automatic override is not a mitigating factor, as the automatic override is applied 'irrespective of the points scored on the risk assessment instrument' " (People v Gunter, 217 AD3d at 790, quoting People v Berry, 138 AD3d at 946). Notwithstanding defendant's testimony about his advocacy efforts in the community, involvement with religion and lack of substance abuse since 2004, drugs did not play a role in the underlying crime or prior felony sex crime in 1993 — each of which involved forcible compulsion. Considering the totality of the circumstances, we are satisfied that County Court did not abuse its discretion in denying the requested downward departure and in classifying defendant as a risk level three sex offender (see People v Gillotti, 23 NY3d at 861). To the extent that defendant's remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.