People v Butler (2024 NY Slip Op 05564)

People v Butler

2024 NY Slip Op 05564

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2022-10253

[*1]The People of the State of New York, respondent,
v
Will H. Butler, appellant. Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Shiry Gaash and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated October 27, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of possessing a sexual performance by a child, based upon his possession of images and videos depicting the sexual abuse of children between the ages of 3 and 10 years old. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant a total of 110 points on the risk assessment instrument (hereinafter RAI), resulting in a presumptive risk level three designation. Specifically, the court assessed 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of the victims—10 or less), 20 points under risk factor 7 (victims were strangers), and 30 points under risk factor 9 (prior felony sex crime). The court also applied an automatic override to a presumptive risk level three designation based on the defendant's prior conviction of a sex crime (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]). The court denied the defendant's application for a downward departure and designated him a level three sex offender. The defendant appeals.
"One of the legislature's principal goals in enacting SORA was to protect the public from the danger of recidivism posed by sex offenders" (People v Cook, 29 NY3d 121, 125 [internal quotation marks omitted]). The Court of Appeals has recognized that in cases such as this one, involving a child pornography offender, the assessment of points under risk factors 3 (number of victims) and 7 (victims were strangers) may result in an "overestimate" of the offender's "risk of reoffense and danger to the public" (People v Gillotti, 23 NY3d 841, 860; People v Fernandez, 219 AD3d 760, 762 [internal quotation marks omitted]). "[T]he way for courts to avoid anomalous results is not to distort the plain meaning of the . . . risk factors" used by the Board of Examiners of Sex Offenders, "but to exercise their discretion to depart from the result indicated by the risk factors in cases where that result does not make sense" (People v Johnson, 11 NY3d 416, 418; see People v Fernandez, 219 AD3d at 762).
Here, contrary to the defendant's contention, the County Court did not err in assessing [*2]30 points under risk factor 3 and 20 points under risk factor 7 (see People v Gillotti, 23 NY3d at 860). The People established by clear and convincing evidence that there were at least three victims (see generally People v Mingo, 12 NY3d 563, 572-574) and that these victims were strangers to the defendant within the meaning of the Guidelines (see People v Johnson, 11 NY3d at 418-421). Further, the court properly assessed 30 points under risk factor 5, as the People established by clear and convincing evidence that the defendant possessed pornographic images displaying children 10 years old or younger (see People v Barry, 213 AD3d 779, 779-780).
In any event, the County Court properly applied an override resulting in a presumptive risk level three designation. The Guidelines contain four overrides that automatically result in a presumptive risk level three designation (see id. at 3). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d 993, 994; see Correction Law § 168-n[3]). "The first override, which is relevant to this appeal, is for a prior felony conviction of a sex crime" (People v McCurdy, 198 AD3d 991, 992; see Guidelines at 3, 19).
Contrary to the defendant's contention, the application of an override based on a prior felony conviction of a sex crime "did not constitute an impermissible double counting of a risk factor already considered in the defendant's numerical score on the RAI" (People v Barr, 205 AD3d 741, 742; see People v Gunter, 217 AD3d 788, 790). Where, as here, the People established by clear and convincing evidence that the defendant was previously convicted of a felony sex crime, the defendant is "a presumptive level three sex offender pursuant to an automatic override, irrespective of the points scored on the [RAI]" (People v Barr, 205 AD3d at 742 [internal quotation marks omitted]; see People v Roache, 110 AD3d 776, 777).
Contrary to the defendant's further contention, the County Court did not have the discretion to determine whether to apply the override (see People v Barr, 205 AD3d at 742; People v McCurdy, 198 AD3d at 992). Although the application of the override is automatic, a court may "depart from the presumptive risk level obtained pursuant to the automatic override where the circumstances warrant a departure" (People v Barr, 205 AD3d at 742; see People v McCurdy, 198 AD3d at 992).
As a general matter, a defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Tirado, 165 AD3d 991, 992; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, his alleged support from his family does not qualify as a mitigating factor not adequately taken into account by the Guidelines (see People v Zubradt, 224 AD3d 856, 857; People v Ack, 224 AD3d 851, 852). Further, on this record, the defendant's completion of one sex offender treatment program does not amount to "proof of an exceptional response" to treatment that may form the basis for a downward departure (People v Grunwald, 201 AD3d 825, 826; see People v Fernandez, 219 AD3d at 763; People v Barr, 205 AD3d at 743).
Further, while a downward departure may be appropriate in certain cases involving child pornography where the assessment of points under risk factors 3 and 7 results in an overassessment of the risk posed by the defendant (see People v Gillotti, 23 NY3d at 860, 864; People v Fernandez, 219 AD3d at 763; People v Sestito, 195 AD3d 869), here, the assessment of those points made no difference in the defendant's presumptive risk level, as he was a presumptive level three sex offender pursuant to the automatic override irrespective of the points. In any event, [*3]even if a mitigating factor was established, under the totality of the circumstances, the County Court providently exercised its discretion in denying the defendant's application for a downward departure given, among other things, the defendant's commission of the instant offense while on probation for the prior sex crime conviction, his failure to complete a prior course of sex offender treatment, and his continued consumption of child pornography while undergoing a course of treatment (see People v Fernandez, 219 AD3d at 763).
Accordingly, the County Court properly designated the defendant a level three sex offender.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court