People v Allen (2025 NY Slip Op 06344)

People v Allen

2025 NY Slip Op 06344

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
ELENA GOLDBERG VELAZQUEZ, JJ.

2023-07502

[*1]The People of the State of New York, respondent,
v
Robert L. Allen, appellant. Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Christopher Turk and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated August 7, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, inter alia, of promoting a sexual performance by a child. The County Court conducted a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C). In advance of the hearing, the Board of Examiners of Sex Offenders assessed the defendant a total of 60 points on the risk assessment instrument and recommended that the defendant be classified as a level three sex offender pursuant to an automatic override based upon the defendant's 2006 conviction of possessing a sexual performance by a child (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]). At the hearing, the court applied the automatic override to a presumptive risk level three designation based upon the defendant's prior conviction, denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals.
"The Risk Assessment Guidelines and Commentary promulgated by the Board of Examiners of Sex Offenders contain four overrides that automatically result in a presumptive risk assessment of level three" (People v Lobello, 123 AD3d 993, 994). "The first override, which is relevant to this appeal, is for a prior felony conviction of a sex crime" (People v McCurdy, 198 AD3d 991, 992). "The People bear the burden of proving the applicability of a particular override by clear and convincing evidence" (People v Lobello, 123 AD3d at 994; see Correction Law 168-n[3]). "Once the People have sustained this burden, 'a SORA court is not possessed of any discretion in determining whether to apply [an] override; the application of the override is automatic'" (People v Johnson, 135 AD3d 720, 720-721, quoting People v Gordon, 133 AD3d 835, 836). "A court may, however, depart from the presumptive risk level obtained pursuant to the automatic override where the circumstances warrant a departure, 'although such departures are the exception, . . . not the rule'" (People v Barr, 205 AD3d 741, 742-743, quoting People v Simmons, 170 AD3d 904, 904).
"A defendant seeking a downward departure from the presumptive risk level has the [*2]initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Del-Carmen, 186 AD3d 878, 878, quoting People v Wyatt, 89 AD3d 112, 128). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (id.).
Here, the People established by clear and convincing evidence that the defendant was convicted of a felony sex crime in 2006 and, thus, established the applicability of the automatic override to a presumptive risk level three designation (see People v Gunter, 217 AD3d 788, 790). In response, the defendant failed to establish that a downward departure from his presumptive risk level was warranted. An offender's response to treatment, if exceptional, can form the basis for a downward departure, but the defendant failed to establish by a preponderance of the evidence that his response to such treatment was exceptional (see People v Desnoyers, 180 AD3d 1080). Further, the defendant failed to demonstrate that his age or family support established a lower likelihood of reoffense or danger to the community (see People v Storch, 240 AD3d 626, 628; People v Saintilus, 169 AD3d 838, 839).
The defendant's remaining contention is without merit.
Accordingly, the County Court properly designated the defendant a level three sex offender.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court