People v Walsh (2026 NY Slip Op 01543)

People v Walsh

2026 NY Slip Op 01543

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LILLIAN WAN
PHILLIP HOM, JJ.

2024-08372

[*1]The People of the State of New York, respondent,
vKevin Walsh, appellant. 

Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated July 29, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting a sexual performance by a child (Penal Law § 263.15). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant a total of 80 points on the risk assessment instrument, resulting in a presumptive risk level two designation. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
The County Court properly denied the defendant's application for a downward departure. Although in some cases involving offenders who possess child pornography, the assessment of points under risk factors 3 and 7 may result in an overassessment of a defendant's risk to public safety (see People v Gillotti, 23 NY3d 841, 860-861; People v Johnson, 11 NY3d 416, 421), given, among other things, the nature of the materials possessed by the defendant, the fact that the defendant was promoting and not merely possessing the videos, and the lack of expert evidence suggesting that the defendant's risk of reoffense is low, a downward departure was not warranted under the circumstances presented (see People v Fernandez, 219 AD3d 760, 763; People v Smith, 187 AD3d 1228, 1229; cf. People v Sestito, 195 AD3d 869).
The defendant's contention that certain factors warrant a downward departure from his presumptive risk level is unpreserved for appellate review because he did not raise those grounds at the SORA hearing (see People v Gadsen, 235 AD3d 667, 668; People v Diaz, 169 AD3d 727, 728).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CHAMBERS, J.P., WOOTEN, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court