People v Rivera

2026 NY Slip Op 03190

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Jose Rivera, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2019-02716, 2019-02717

Colleen D. Duffy, J.P.

Linda Christopher

Carl J. Landicino

Susan Quirk, JJ.

Twyla Carter, New York, NY (Elizabeth B. Emmons of counsel), for appellant.

Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

[*1]

DECISION & ORDER

Appeals by the defendant from (1) an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated February 15, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C with respect to Indictment No. 39/13, and (2) an order of the same court also dated February 15, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C with respect to Indictment No. 74/13.

ORDERED that the orders are affirmed, without costs or disbursements.

The defendant was convicted, upon his pleas of guilty, of criminal sexual act in the first degree under Indictment No. 39/13 and of promoting a sexual performance by a child under Indictment No. 74/13. In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant 115 points on the risk assessment instrument and designated him a level three sex offender. The defendant appeals, challenging the assessment of 10 points under risk factor 12 (acceptance of responsibility) and the denial of his application for a downward departure from the presumptive risk level.

"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence" (People v Gurley, 216 AD3d 1007, 1008; see Correction Law § 168-n[3]).

The Supreme Court properly assessed 10 points under risk factor 12. The assessment of these points was supported by clear and convincing evidence in the record, including the defendant's interview with the Department of Probation (see People v Solomon, 202 AD3d 88, 94; People v Fields, 186 AD3d 1541, 1541). Additionally, the People established that he did not genuinely accept responsibility for his offenses despite his completion of a sex offender treatment program (see People v James, 99 AD3d 775, 775-776).

"As a general matter, a defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the [*2]evidence'" (People v Fernandez, 219 AD3d 760, 762, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Fernandez, 219 AD3d at 763, quoting People v Tirado, 165 AD3d 991, 992).

Here, the defendant failed to establish his entitlement to a downward departure. While an offender's response to treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17; see People v Ralph, 170 AD3d 900, 901-902), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Coleman, 225 AD3d 792, 794). Further, the defendant's extensive sentence of postrelease supervision is not a mitigating factor, as it was already accounted for by the Guidelines under risk factor 14 (see Guidelines at 17; see People v Alleyne, 212 AD3d 660, 661-662).

Accordingly, the Supreme Court properly designated the defendant a level three sex offender.

DUFFY, J.P., CHRISTOPHER, LANDICINO and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court